IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY ALLEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3563 |
| | § | |
| CLEAR CREEK INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion for Summary Judgment [Doc. # 33] filed by Defendant Clear Creek Independent School District ("Clear Creek"). Plaintiff Kimberly Allen requested and obtained an extension of time to file her response to Defendant's motion. Plaintiff filed her Response [Doc. # 36], and Defendant filed a Reply. Having reviewed the full record and governing legal authorities, the Court **grants** the Motion for Summary Judgment.

## I.   BACKGROUND

Plaintiff was employed as an athletic coach with Clear Creek until her termination in March 2013. On May 14, 2013, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue ("Notice") on August 30, 2013.

Plaintiff filed this lawsuit on December 5, 2013. Defendant filed a Motion for Summary Judgment, which has been fully briefed and is now ripe for decision.

## II.   SUMMARY JUDGMENT STANDARD

Defendant seeks summary judgment based on, *inter alia*, the untimeliness of Plaintiff's Complaint. To obtain summary judgment on an affirmative defense, a defendant must establish the defense's essential elements. *See Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citing *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 535-36 (5th Cir. 2015) (citations omitted). The facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *See Wilson*, 776 F.3d at 299. However, factual controversies are resolved in favor of the non-movant "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Squyres v. Heico Companies, LLC,* 782 F.3d 224, 230-31 (5th Cir. 2015). The non-movant "cannot rely on the allegations in the pleadings alone." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). Likewise, "unsubstantiated assertions that a fact issue exists will not suffice" to satisfy the non-

movant's burden. *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012).

## III.   ANALYSIS

Title VII requires a plaintiff to file a lawsuit within 90 days after receiving a Notice of Right to Sue from the EEOC. See 42 U.S.C. § 2000e–5(f)(1); *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315, 319 n.18 (5th Cir. 2014). This 90-day filing requirement is "strictly construed." *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Gamel v. Grant Prodeco, L.P.*, __ F. App'x __, 2015 WL 5306554, *3 (5th Cir. Sept. 11, 2015). In the Fifth Circuit, there is a rebuttable "presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 267 (5th Cir. 2015).

In this case, is it undisputed that the EEOC sent the Notice to Plaintiff on Friday, August 30, 2013. Plaintiff alleges that she received the Notice "on or about September 6, 2013." *See* Complaint [Doc. # 1], ¶ 6. Plaintiff, however, has failed to present evidence that the EEOC Notice was received on a particular date and, as a result, the three-day presumption applies. Plaintiff is presumed to have received the EEOC's Notice of Right to Sue on September 4, 2013, three business days after it was mailed. Plaintiff was required to file her complaint within 90 days, or no later than December 3, 2013. Plaintiff did not file her complaint until December 5, 2013, more

than 90 days after receipt of the EEOC's Notice of Right to Sue. Consequently, Defendant is entitled to summary judgment that the Complaint is time-barred.

## IV.    CONCLUSION AND ORDER

Plaintiff has failed to present evidence to rebut the presumption that she received the EEOC's Notice of Right to Sue within three business days of its mailing. As a result, the presumption applies and Plaintiff's complaint in this case is untimely. It is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 33] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **22nd** day of **September, 2015**.